ALLEN v. REED et al. (No. 469.)

(Court of Civil Appeals of Texas. El Paso. Oct. 14, 1915.)

1. APPEAL AND ERROR ☞748 — ASSIGNMENT OF ERROR—NUMBERING—OMISSION—EFFECT.

Where the brief on appeal presents assignments of error that do not conform to the Court of Civil Appeals rules for submission and briefing of cases, they cannot be considered by the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. ☞748.]

2. APPEAL AND ERROR ☞680 — ASSIGNMENT OF ERROR—RECORD—FAILURE TO DISCLOSE—EFFECT.

An assignment of error asserting error in the overruling of a special demurrer cannot be considered where the record fails to show that any such demurrer was presented to the trial court, or that any action was taken thereon, and there is no bill of exception to the failure of the court to pass upon the demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2880–2882; Dec. Dig. ☞680.]

3. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—PROPOSITION—MOTION FOR NEW TRIAL—RECITAL.

The recital in the motion for a new trial that the court overruled a demurrer is not sufficient to raise error thereon, since rule 31 of the Courts of Civil Appeals (142 S. W. xiii) re-

quires a brief statement subjoined to the proposition in explanation and support thereof, referring to the page of the record where the order complained of is set out.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**4. APPEAL AND ERROR ☞548—ASSIGNMENT OF ERROR—STATEMENT OF FACTS—ABSENCE —EFFECT.**

An assignment of error questioning the validity of a verbal agreement as being without consideration cannot be considered, where it is not followed by propositions or any statement of fact from which the question can be determined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

**5. APPEAL AND ERROR ☞548—ISSUES—ANSWERS—RECORD—STATEMENT OF FACTS.**

An assignment of error that the answers of the jury to special issues are against the weight of the evidence cannot be considered, in the absence of a statement of facts in the record from which the question can be determined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

**6. APPEAL AND ERROR ☞548 — ASSIGNMENT OF ERROR—SPECIAL ISSUES—SUBMISSION— STATEMENT OF FACTS—ABSENCE—EFFECT.**

An assignment of error attacking the action of the court in submitting special issues as irrelevant and immaterial is not in itself a proposition, and cannot be considered in the absence of a statement of facts in the record from which the question can be determined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

**7. APPEAL AND ERROR ☞742 — ASSIGNMENT OF ERROR—PROPOSITION.**

An assignment of error attacking the court's failure to submit an issue asserted to be "important and material" is not itself a proposition, and cannot be considered upon the mere statement, following the assignment, that "this issue was raised by the pleadings and was material."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**8. APPEAL AND ERROR ☞548 — ASSIGNMENT OF ERROR—EVIDENCE—ADMISSION—BILL OF EXCEPTIONS—STATEMENT OF FACTS.**

An assignment of error in the admission of evidence cannot be considered, in the absence of a bill of exceptions to the action of the court in admitting the evidence or a statement of facts to show what the evidence admitted was.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

**9. APPEAL AND ERROR ☞548 — ASSIGNMENT OF ERROR—EVIDENCE—STATEMENT OF FACTS.**

An assignment of error asserting that plaintiff should have judgment upon the undisputed evidence cannot be considered, in the absence of a statement of facts disclosing what the evidence was.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

**10. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—PROPOSITION.**

An assignment of error attacking the judgment entered as a great wrong and injustice to the plaintiff in permitting defendant to retain plaintiff's property, followed by a statement that, under the evidence, the plaintiff should have had judgment upon the verdict of the jury, and that all other issues were immaterial and irrelevant to defeat the plaintiff's cause of action, is not a proposition presenting error for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by O. L. Allen against T. J. Reed and others for breach of contract. From a judgment for defendants, plaintiff brings error. Affirmed.

Dowell & Dowell, of Houston, for plaintiff in error. J. A. Camp, of Houston, for defendants in error.

WALTHALL, J. Plaintiff in error sued the defendants in error on an alleged breach of a written contract for the purchase of a sawmill, tools, fixtures, buildings and all paraphernalia located at the mill; the defendants agreeing to pay therefor by installments by delivering to plaintiff in error certain kinds and qualities of lumber at the times mentioned until the whole of the agreed amount of lumber, 175,000 feet, had been delivered. Plaintiff in error in his pleading admitted that defendants in error had made deliveries of 30,000 feet of lumber which he had received. There was a recognized indebtedness of the nature of a mortgage of $1,000 on the property, owed by the plaintiff in error, stated in the contract, and to secure defendants in error against the payment of said debt, it was stated in the contract that defendants in error reserved the right to hold back and not deliver out of the last deliveries 100,000 feet of the lumber to be delivered under the contract until the said lien indebtedness was satisfied and released. Plaintiff in error asked judgment for the restoration to him of the property on the breach of the contract being made to appear, and, in the alternative, for judgment for the amount of the purchase price in money then unpaid. The defendants in error answered by demurrers, general and special, general and special denial, and by special answer alleged that since the execution of the written contract the parties to it had by mutual parol agreement postponed some of the deliveries of lumber mentioned in the written contract until the last deliveries of the lumber should be made at the times stated in the contract, and pleaded that deliveries of certain amounts of lumber had been made, and that they were ready and willing to deliver the balance due. They further pleaded that plaintiff in error had failed to pay the said $1,000 indebtedness, and that parties at interest by suit had foreclosed said mortgage lien, and at foreclosure sale had bought in said property, and that defendants in error did not now own the property, and could not make title. They asked for damages resulting to them by reason of the failure of plaintiff in error to pay off the

said $1,000 indebtedness and prevent a foreclosure of the said lien. Defendants in error made other defenses not necessary to further state.

Plaintiff in error filed a supplemental petition, in which appears demurrers, general and special, general and special denials, denial of any agreement to postpone the time of delivery of any lumber, alleged that plaintiff was the owner of the said $1,000 indebtedness, denied responsibility of any damage to defendants in error, and pleaded other special matters of defense, in answer to the several matters pleaded by defendants in error. The pleadings are lengthy, and in the view we take of the case we need not further state the pleadings.

The court submitted the case to the jury on 29 special issues. The jury found the facts in favor of the defendants in error, and the court thereupon entered judgment in their favor, and the case is before us on writ of error.

[1] The plaintiff in error filed in the trial court a motion for a new trial, which the court overruled. Plaintiff in error in his brief presents 13 assignments of error, none of which can be considered by this court, because they do not conform to the rules for briefing and submitting cases. The assignments of error are not numbered as required by rule 29 (142 S. W. xii) for submission of cases in this court, so that we cannot refer to the assignments by number.

[2] The first assignment of error presented is the second ground in the motion for a new trial, which is presented as a proposition. It is as follows:

"The court erred in overruling of special demurrer No. 1 contained in the first supplemental petition of plaintiff to that portion of the answer of defendants setting up a verbal agreement in contravention of the written one, the said demurrer being as follows: All that portion of said answer setting up a verbal contract in contravention of said written contract is null and void, as the same is not permissible in law, the said verbal agreement being the extension of the delivery of the February and March, 1913, deliveries until the last deliveries, and also the same is without consideration."

The record filed in this court does not show that any demurrer contained in any pleading of the plaintiff in error was presented to the trial court, or that the court took any action thereon or made any order with reference thereto, nor is there any bill of exception to the failure or refusal of the court to pass upon any demurrer. If the court overruled the demurrer, as complained of in the assignment, the order of the court in doing so should be shown: otherwise it is waived.

[3] The recital of the action of the court in overruling a demurrer in the motion for a new trial is not sufficient. Rule 31 (142 S. W. xiii) requires that there shall be subjoined to the proposition a brief statement of such proceeding contained in the record as will be necessary to explain and support the proposition, referring to the page of the record where this court can find the action or order of the court complained of. This has not been done, and, finding no such order, we must conclude that the court made no order overruling the demurrer, and that the demurrer was not acted on by the court, but was waived by the plaintiff.

[4] In the latter part of the assignment complaint is made that the verbal agreement complained of is without consideration. The assignment is not followed by propositions nor by any statement, except a copied extract from the petition. In the absence of a statement of facts, we cannot say that the verbal agreement is without consideration. The assignment cannot be considered.

The next three assignments of error, which we designate as assignments 2, 3, and 4, complain of the action of the court in overruling special demurrers numbered respectively 7, 9, and 15. The same criticism applies to these assignments as noted to the one above, and for the same reasons the assignments cannot be considered.

[5] The next four assignments of error complain of the answers the jury gave to special issues and say the answers are against the weight of the evidence. There is no statement of facts in the record, and we cannot know what the evidence was. These assignments are overruled.

[6] The next assignment of error complains of the action of the court in submitting to the jury 11 special issues, which the assignment asserts to be irrelevant and immaterial, and states what the evidence shows the facts to be. The assignment is not followed by any proposition singling out any issue involved in any of the matters submitted. We cannot, in the absence of a statement of facts, know what the evidence showed the facts to be. The assignment itself is not a proposition, and cannot be considered.

[7] The next assignment asserts error in the failure of the court to submit to the jury an issue which the assignment asserts to be "important and material." The assignment itself is not a proposition, and there is no proposition under the assignment disclosing the point claiming error. The only statement following this assignment is that "this issue was raised by the pleadings and was material." The assignment cannot be considered.

[8] The next assignment complains of error in admitting evidence, but there is no bill of exceptions in the record to the action of the court in admitting the evidence, and no statement of facts to show what the evidence admitted was. The assignment cannot be considered.

[9] The next assignment of error asserts what "the undisputed evidence in the case shows," and that because it does so show "the plaintiff should have judgment." We cannot consider this assignment, because there is no statement of facts, and we do not know what the evidence does show.

[10] The next and last assignment of error presented as a proposition is as follows:

"The judgment of the court as entered by the court on the verdict of the jury does plaintiff great wrong and injustice and permits the defendant to have and to hold his property and get the use and benefit of the same without paying therefor."

The statement following this assignment is an assertion that "under the pleadings in this case the plaintiff in error should have had judgment on the verdict of the jury for the undisputed nonpayment of the purchase money," and that "all issues other than this were immaterial and irrelevant to defeat the plaintiff's cause of action." Under this assignment is presented what plaintiff in error designated as "second proposition under twenty-sixth assignment of error," and states that:

"Plaintiff in error tendered to the court a judgment to be entered by it on the verdict of the jury in his favor which was as follows: [Then copies the judgment tendered.]"

The assignment itself is not a proposition, and what is presented as a proposition is not germane to the assignment, nor is either a proposition, specifically designating an error.

The judgment entered by the court is such as the issues presented in the pleading and the issues of fact found by the jury would warrant and sustain.

The assignment is overruled.

The case is affirmed.